### 274

|  |  |  |
|---|---|---|
| **Ebba T. Hanson** | ⎫ |  |
| **vs.** | ⎬ | **Div. No. 9297** |
| **Claus Hanson** | ⎭ |  |

#### DECISION
February 13, 1919

DORAN, J. Petitioner moves to modify a final decree in divorce by adding a provision for alimony. Alimony was not mentioned in the petition for divorce or in said final decree.

One objection to granting the motion is that the Court has no right to decree

relief not embraced within the scope of the petition. Before this motion could be granted it would be necessary to amend the petition. In practice it is not unusual for petitoners in unanswered cases, in presenting final decrees, to ask to include in such decrees matters not mentioned in the petitions. As far as I can learn such requests are never granted without amending the petitions to include the additional relief. If the addition is a matter that does not effect respondent, like change of name of petitioner, the amendment may be made immediately. If the new matter does substantially affect respondent, the amendment of petition and addition to decree are refused unless notice of the motion to amend is served on respondent.

Another objection to the motion is this: The motion was filed within six months of entry of said final decree but it is now over a year since said entry. Gen. Laws, cap. 294, sec. 2 provides that the Court shall have control over decrees in equity "for the period of six months after the entry thereof". On the face of the section it means that the modification or annulment of the decree must be made within the six months and that after the decree has stood for six months the Court's control over it ceases. The claim of petitioner here is that the mere filing of the motion suspended the decree so that the Court can modify it after the expiration of the six months. The wording of the statute cannot support such a construction. Gen. Laws Cap. 297, sec. 1, permitting the Supreme Court to grant trials or new trials for accident, &c. reads that the party "may within one year after such judgment petition the Supreme Court" Gen. Statutes (1872) cap. 210, sec. 9, gave the Court of Common Pleas a similar power over judgments entered "within one year of such application". When the Assembly has meant that the action of the party should determine the limita-

tion for unsettling judgments it has said so, and there is no excuse for saying that Gen. Laws, cap. 394, sec. 2, means the same as the two statutes just referred to. In White v. White, 32 R. I. 602, a motion for new trial and a motion for rehearing of a divorce case were filed more than six months after final decree and the Court does say, p. 604, "Any power granted under that section ( corresponding to Gen. Laws, cap. 294, sec. 2) could be exercised in said suit * * * provided such exercise of power had been sought within six months from the entry of judgment therein". It may be that this does fairly imply that the Court meant that if the motions before it had been filed within six months of the decree the Court could grant them although the hearing was more than six months after the decree, but the opinion does not say that. The statement quoted was outside of the matter submitted for decision and the question submitted in the present case was probably not considered in White v. White.

Wilford v. Wilford, 38 R. I. 55, decides that alimony may be sought and granted any time after final decree for divorce unless barred by laches or waiver, but does not decide that it may be sought by motion to modify such final decree.

The motion is denied.